SEARS, ROEBUCK AND COMPANY, Appellant,

v.

COMMERCIAL UNION INSURANCE CORPORATION, Appellee.

No. 01–97–01139–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 23, 1998.

---

Daniel B. Nelson, Houston, for Appellant.

Kimberly Kay Coogan, Kent M. Adams, Houston, for Appellee.

Before O'CONNOR, TAFT and SMITH,* JJ.

## OPINION

TAFT, Justice.

This case involves the interpretation of a commercial general liability insurance policy. Appellant, Sears, Roebuck and Company (Sears), appeals a summary judgment granted to appellee, Commercial Union Insurance Corporation (Commercial Union). We address whether Sears, as a tenant, is a subsidiary, affiliated, associated or allied business entity with its landlord, thus establishing it as a named insured under the terms of a policy issued by Commercial Union. We affirm.

### Facts

In 1985, Sears and Weingarten Realty, Inc. (Weingarten) entered into a lease agreement whereby Sears was to lease space in a shopping center owned by Weingarten. Under the terms of the lease, Weingarten was obligated to maintain comprehensive public liability insurance protecting Sears against liability for injury to persons or property occurring in the common areas of the shopping center. The relevant provision of that lease is as follows:

> The landlord further agrees to maintain in an insurance company qualified to do business in the State of Texas, Comprehensive

---

* The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

Public Liability Insurance, including property damage, insuring Landlord and Tenant against liability for injury to persons or property occurring in or about the Common Areas on the Entire Premises or arising out of the ownership, maintenance, use or occupancy thereof. The limits of liability under such insurance shall not be less than $2,000,000 per occurrence for death or bodily injury and for property damage.

Weingarten subsequently purchased a commercial general liability policy from Commercial Union. The first page of the policy listed the "named insured" as "Weingarten Realty Investors, Et al." An endorsement found on the second page of the policy stated:

It is agreed that the Named Insured shown on the Declarations is amended as follows:

1. Weingarten Realty Investors
2. Weingarten Realty Management Co.
3. Weingarten Properties, Inc.
4. WRI Holdings, Inc.
5. "And all subsidiary, Affiliated, Associated or Allied Companies, Corporations, Firms, Organizations including Partnership and Joint Ventures as are now or hereafter are constituted for which the Named Insured has the responsibility of placing insurance and for which other insurance is not otherwise more specifically provided."

In 1991, Phuong Anh Thi Troung (Troung) claimed she was assaulted on property owned, occupied, or under the control of Sears and Weingarten. Troung later filed a personal injury lawsuit against Sears and Weingarten alleging they were negligent for failing to provide adequate security for the premises. Sears demanded indemnification and defense from Weingarten and Commercial Union pursuant to the lease and the commercial general liability policy. However, both Weingarten and Commercial Union denied Sears' demand for indemnification and defense in the Troung matter. Commercial Union's stated reason for the denial was that Sears was not a named insured under Weingarten's policy. Sears moved for summary judgment alleging it owed no duty to

Troung because the incident occurred on premises not owned, occupied, or controlled by Sears. The trial court granted Sears' motion for summary judgment.

After defending the Troung matter at its own expense, Sears brought the current action against Weingarten and Commercial Union. Sears sued Weingarten for breach of contract alleging that, although Weingarten did obtain a commercial general liability policy covering the premises, the coverage of that policy did not comply with the terms of the lease agreement. Sears sued Commercial Union for breach of contract, breach of the duty of good faith and fair dealing, and violations of article 21.21 of the Insurance Code. Sears alleged it had standing to bring these claims against Commercial Union as a named insured on the Weingarten policy.

On April 14, 1997, Commercial Union moved for summary judgment alleging that Sears was not a named insured under the Weingarten policy, and, therefore, had no cause of action against Commercial Union. The trial court granted Commercial Union's motion for summary judgment and severed Sears' claims against Commercial Union from those against Weingarten.

In two points of error, Sears alleges that the trial court erred in granting summary judgment to Commercial Union because (1) Commercial Union failed to prove, as a matter of law, that Sears was not a named insured under the Weingarten policy, and (2) in any event, the language of the Weingarten policy is ambiguous, which raises a material fact issue precluding summary judgment.

### Standard of Review

The standards for reviewing a summary judgment are well established: (1) the movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to summary judgment as a matter of law; (2) in deciding whether there is a disputed fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d

546, 548–49 (Tex.1985). When the controversy concerns the construction of an unambiguous written instrument, the construction is a matter of law for the court. *Western Indem. Ins. Co. v. American Physicians Ins. Exch.,* 950 S.W.2d 185, 188 (Tex.App.—Austin 1997, no writ).

### Named Insured

■■■ In its first point of error, Sears contends that Commercial Union did not conclusively prove that Sears was not a named insured under the Weingarten policy, and that, to the contrary, the policy unambiguously shows that Sears was a named insured. Because we are asked to interpret the meaning of the terms of an insurance contract, the general rules of contract construction apply. *State Farm Life Ins. Co. v. Beaston,* 907 S.W.2d 430, 433 (Tex.1995). The primary concern of a court in construing a written contract is to ascertain the true intent of the parties as expressed in the instrument. *National Union Fire Ins. Co. v. CBI Indus., Inc.,* 907 S.W.2d 517, 520 (Tex.1995). If an instrument is worded so that it can be given an exact or certain legal interpretation, it is not ambiguous and a court can construe the contract as a matter of law. *Louisiana Natural Gas Pipeline, Inc. v. Bludworth Bond Shipyard, Inc.,* 875 S.W.2d 458, 461 (Tex. App.—Houston [1st Dist.] 1994, writ denied). As with any contract, absent a finding of ambiguity, a court must interpret the meaning and intent of an insurance policy from the four corners of the document without the aid of extrinsic evidence. *Carrabba v. Employers Cas. Co.,* 742 S.W.2d 709, 716 (Tex. App.—Houston [14th Dist.] 1987, no writ). Only after a contract is found to be ambiguous may parol evidence be admitted for the purpose of ascertaining the true intentions of the parties expressed in the contract.

*Friendswood Dev. Co. v. McDade & Co.,* 926 S.W.2d 280, 283 (Tex.1996). When construing a particular provision in an insurance policy, all of the policy's provisions should be given effect, and the whole contract considered, with each clause being used to help interpret the others. *Western Indem. Ins. Co.,* 950 S.W.2d at 188.

In its motion for summary judgment, Commercial Union alleged that it was entitled to summary judgment on Sears' allegations of breach of contract, breach of the duty of good faith and fair dealing, and violations of the Insurance Code, because Sears was not a named insured under the Weingarten policy, and, therefore, could not maintain any action against Commercial Union. Commercial Union correctly stated that, if it proved as a matter of law that Sears was not a named insured on the Weingarten policy, summary judgment was appropriate. As alleged in its petition, Sears' breach of contract claim stated only that, as a named insured on the Weingarten policy, Sears was entitled to defense and indemnification from Commercial Union.

Commercial Union argued that, based on the clear meaning of the policy terms, Sears was not a named insured. First, Commercial Union argued that Sears was not one of the four Weingarten entities specifically listed as named insureds. Next, Commercial Union argued that the "catch-all" provision following the enumerated companies was clearly designed to insure that all related *Weingarten* entities would not be left without coverage simply because their names were not specifically listed. According to Commercial Union, Sears, as a tenant of Weingarten, is not a "subsidiary, affiliated, associated or allied" company, corporation, firm or organization as contemplated by the policy language.[1]

---

1. Commercial Union cites several federal cases in support of its position that, as a matter of law, Sears is not a "subsidiary, affiliated, associated or allied" entity. In *In re Marine Sulphur Transport Corporation,* the court stated that a simple arms length contractual relationship is not enough to constitute an "association" or "affiliation" between two companies. 312 F.Supp. 1081, 1103 (S.D.N.Y.1970) *aff'd on other grounds,* 460 F.2d 89 (2nd Cir.1972). In *Travelers Indemnity Company v. United States,* the court

stated that the terms "affiliated" or "associated" contained in an insurance policy envisioned an intimate business relationship in which significant aspects of financial and managerial control are integrated. 543 F.2d 71, 76 (9th Cir.1976). Finally, in *Old Colony Insurance Co. v. Jeffery's Mill & Warehouse,* the court interpreted the meaning of the phrase "any affiliated, associated, or subsidiary concern" in the context of an insurance policy. 146 F.Supp. 277, 278–79 (N.D.Cal.). The court stated that the word "as-

As summary judgment proof, Commercial Union included the deposition testimony of Bob Wise, Sears' corporate representative. Wise testified that Sears is not a subsidiary to, nor "affiliated, associated or allied" with, any Weingarten entity. Wise further testified that Sears and Weingarten do not own stock in each other and that the only relationship between the two entities was that of landlord-tenant. It is important to note that we do not view Mr. Wise's testimony as parol evidence, as he does not speak to the intentions of the parties in the agreement, but rather to the nature of the relationship between Sears and Weingarten created through their lease agreement. Commercial Union also attached as summary judgment evidence Sears' responses to Commercial Union's request for admissions, in which Sears admitted that Weingarten had no ownership, operation, or management interest in Sears and had no right to control the activities of any employee of Sears.

In its response to Commercial Union's motion for summary judgment and on appeal, Sears argues that the policy unambiguously shows that it was a named insured under the Weingarten policy. According to Sears, Commercial Union does not dispute that Sears is a "corporation, firm, or organization" as contemplated by the final paragraph of the named insured indorsement to the policy. Sears then argues that, pursuant to the terms of the *lease* between Weingarten and Sears, Weingarten had the responsibility or the obligation to place insurance on behalf of Sears. Sears contends that it is feasible, if not logical, to assume Weingarten intended Sears to be covered by the policy because Sears is a "corporation, firm, or organization ... for which the Named Insured has the responsibility of placing insurance." Sears alleges that the record contains no evidence that Weingarten did not intend to contract with Commercial Union to provide insurance for Sears.

■ There is a legal and a logical flaw in Sears' argument. The legal flaw in Sears' reliance on the lease between Sears and in-

demnification is that, in determining if the policy unambiguously shows that Sears is or is not a named insured, we may look only to the terms of the policy itself. *Carrabba*, 742 S.W.2d at 716. The logical flaw is that, no matter how legally obligated Weingarten was to provide insurance for Sears, this does not demonstrate that Weingarten fulfilled its obligation to Sears.

Sears made no attempt in its response to Commercial Union's motion for summary judgment or in its appellate brief to rebut Commercial Union's argument that Sears was not a "subsidiary" to, or "affiliated, associated or allied" with, the Weingarten entities specifically listed in the "named insured" indorsement. Sears simply argues that it is a "corporation, firm, or organization," and ignores the modifying language preceding this phrase. However, when construing an insurance policy, we must give effect to all of the policy's provisions, with each clause being used to help interpret the others. *Western Indem. Ins. Co.*, 950 S.W.2d at 188. The phrase "subsidiary, affiliated, associated or allied" contemplates a more intimate relationship than that of landlord-tenant, which was the extent of the relationship between Weingarten and Sears.

■ Based on our reading of the four corners of the Weingarten insurance policy and on uncontroverted summary judgment evidence from both parties, we hold that the policy unambiguously does not include Sears as a named insured. We hold that the "catch-all" paragraph, which Sears attempts to invoke, was designed to insure that no related *Weingarten* entity is left without coverage merely because its name was not specifically listed. Therefore, because Commercial Union proved as a matter of law that Sears was not a named insured under the Weingarten policy, summary judgment was appropriate on Sears' breach of contract, breach of the duty of good faith and fair dealing, and Insurance Code causes of action. Accordingly, we overrule Sears' first point of error.

sociated" connotes entities which are closely joined with others in a common purpose or activity, and implies participation by each party in the

achievement of a common purpose. *Id.* at 279. Although not bound by these decisions, we do find their reasoning persuasive.

## Ambiguity

Having already held that the policy provision in question was unambiguous, we also overrule Sears' second point of error in which it argues, in the alternative, that the policy was ambiguous, and, therefore, raised a fact issue precluding summary judgment.[2]

## Conclusion

We affirm the judgment of the trial court.

2. Sears does not point out the language which renders the policy ambiguous. Sears merely argues that, when read together, the lease and the policy show that Sears was a named insured. We have already rejected Sears' argument on the basis that our consideration of the lease would constitute improper resort to parol evidence. *See National Union Fire Ins. Co.*, 907 S.W.2d at 520.