Gerlene LYONS, Appellant,

v.

STATE FARM LLOYDS AND NATIONAL CASUALTY COMPANY, Appellee.

No. 14–98–01253–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 22, 2001.

A. Scott Alfoird, Jeffrey D. Meyer, Houston, for appellants.

William B. Daw III, Jack McKinley, Kyle Douglas Giacco, Houston, for appellees.

Panel consists of Justices ROSS A. SEARS, Bill CANNON, and JOE L. DRAUGHN.*

## OPINION

ROSS A. SEARS, Justice (Assigned).

This is an appeal from summary judgments granted to the appellees, State Farm Lloyds (State Farm) and National Casualty Company (National Casualty), and denied to the appellant, Gerlene Lyons. Lyons sued State Farm and National Casualty after obtaining a judgment against, and an assignment of claims from, Goswick & Associates, an alleged insured of the two insurance companies and a defendant in a personal injury lawsuit filed by Lyons. Lyons brings three issues on appeal: (1) that State Farm Lloyds had a duty to defend Goswick as a matter of law; (2) her claims against Goswick were covered under the State Farm and National Casualty policies; and (3) Goswick's assignment of claims against State Farm and National Casualty was valid. Because we find that neither State Farm nor National Casualty's policies afforded coverage to

* Senior Justices Ross A. Sears, Bill Cannon, and Joe L. Draughn sitting by assignment.

Goswick, we affirm the judgments of the trial court.

## BACKGROUND

Lyons, a real estate agent, and her husband were invited to attend a promotional event at a newly-developed subdivision near Houston called Cinco Ranch. Part of the activities of the evening included riding from model home to model home on a "hayride." The hayride consisted of bails of hay piled on a trailer and pulled by a truck from home to home. After viewing one home, Lyons climbed back onto the hayride to find a place to sit. However, she lost her balance, fell from the trailer, struck her head against the pavement, and suffered a closed head injury from the impact.

She brought suit against a number of parties, including Goswick & Associates, the event planner who was responsible for the evening's itinerary and arrangements. The morning of trial, the last remaining defendant (aside from Goswick) settled and left Goswick the sole defendant at trial. After a short bench trial, in which Goswick "went through the motions" of defending itself, the court awarded Lyons $786,000. The trial court's judgment reflects an assignment of claims and an agreement not to execute between Goswick and Lyons.

Lyons, as assignee, then sued for Goswick's claims against State Farm and National Casualty. All three parties brought motions for summary judgment. The trial court granted State Farm summary judgment because (1) an "auto" exclusion in the policy excluded coverage to Goswick and (2) Lyons's verdict was based upon a nonadversarial trial. Additionally, the trial court also granted a general summary judgment to National Casualty, whose motion for summary judgment contained the following grounds: (1) no coverage under the policy for the trailer; (2) an invalid assignment of claims to Lyons because the underlying trial was inadversarial; (3) Goswick was not an insured under the policy; (4) no cause of action exists for bad faith in third party liability claims; (5) late notice by Goswick in the underlying suit. The reason for granting National Casualty summary judgment was not stated. Additionally, Lyons moved for summary judgment on the grounds that State Farm had a duty to defend the underlying lawsuit as a matter of law. This motion was denied.

## STANDARD OF REVIEW

In a summary judgment case, the issue on appeal is whether the movant met its summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c); *Calvillo v. Gonzalez,* 922 S.W.2d 928, 929 (Tex.1996); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *Friendswood Dev. Co. v. McDade + Co.,* 926 S.W.2d 280, 282 (Tex.1996); *Cate v. Dover Corp.,* 790 S.W.2d 559, 562 (Tex.1990); *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *Great Am.,* 391 S.W.2d at 47.

A defendant is entitled to summary judgment if the summary judgment evidence establishes, as a matter of law, that at least one element of a plaintiff's cause of action cannot be established. *Centeq Realty, Inc. v. Siegler,* 899 S.W.2d 195, 197 (Tex.1995). To accomplish this, the defendant must present summary judgment evidence that negates an element of the

plaintiff's claims. Once this evidence is presented, the burden shifts to the plaintiff to put on competent controverting evidence that proves the existence of a genuine issue of material fact with regard to the element challenged by the defendant. *Id.*

## STATE FARM

■ One of the grounds on which State Farm won summary judgment was that Lyons's injuries were excluded from coverage in Goswick's policy with State Farm. Goswick's policy with State Farm was a general commercial liability policy that excluded coverage for injury arising from the use of an auto. Lyons also filed a motion for partial summary judgment, which the court denied, claiming that State Farm owed Goswick a defense as a matter of law. When two parties move for summary judgment, and the trial court grants one but denies the other, the non-prevailing party may appeal both the summary judgment granted against it and the summary judgment denied it. *See Tobin v. Garcia*, 159 Tex. 58, 316 S.W.2d 396, 400 (1958). Lyons appeals both the granting of State Farm's summary judgment and denial of her motion.

## A. Coverage

■ An insurer is not legally required to defend a lawsuit against its insured if the plaintiff's petition fails to allege facts that are within the scope of coverage. *National Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex.1997). In Texas, courts apply the "eight corners" rule to determine coverage: the "insurer's duty to defend is determined by the allegations in the pleadings and the language of the insurance policy." *Id.* The allegations in the pleading are to be given a liberal interpretation, and the truth of the allegations cannot be consid-

ered. *Id.; see also Nationwide Property & Cas. Ins. Co. v. McFarland*, 887 S.W.2d 487, 492 (Tex.App.—Dallas 1994, writ denied). Further, in case of doubt about whether the allegations state a cause of action within the coverage sufficient to compel the insurer to defend, such doubt will be resolved in the insured's favor. *Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co.*, 387 S.W.2d 22, 26 (Tex. 1965).

Lyon's petition in the underlying suit alleged the following against Goswick:

> Gerlene Lyons was a guest at a party being held for realtors at and by Cinco Ranch. . . . Cinco Ranch . . . hired Goswick & Associates, Inc. to make all arrangements for the party. . . . While as an invited guest at this party, Gerlene Lyons participated in the hayride in order to view the model homes. She climbed up onto the trailer, with no one's assistance and very little light, and while trying to climb over bales of hay in order to find a place to sit, she fell from the hayride hitting her head on the road surface. The trailer used for the hayride . . . was unsafely loaded with hay, giving guests no choice but to climb over bales of hay in order to sit down. Additionally, Goswick & Associates did not provide or arrange for any assistance in helping guests safely board the hayride in the dark.

We must determine whether these allegations fall within the following auto exclusion in Goswick's policy with State Farm: "This insurance does not apply to: 'Bodily injury' . . . arising out of the ownership, maintenance, use or entrustment to others of any aircraft, 'auto' or watercraft. . . ."

## B. "Use"

■ The critical question in determining whether Lyons's claim is excluded under Goswick's State Farm policy is whether

Lyons's injuries arise from "use of an auto." Lyons argues that we need look no further than the State Farm policy for a definition of "use." The policy states, "[u]se includes operation and 'loading or unloading [of property].'" Lyons reads this clause restrictively so that use *only* entails operation, loading, and unloading of property. We disagree with this argument. *See Great Nat'l Corp. v. Campbell,* 687 S.W.2d 450, 451–52 (Tex.App.—Dallas 1985, writ ref'd n.r.e.) (the word "including" is most often meant as a term of enlargement).

The phrase "arising from use" has been addressed in various cases, both where use of an auto is required for coverage and where use of an auto excludes coverage. The term "use" in the policy is a "general catchall ..., designed and construed to include all proper uses of the vehicle not falling within other terms of definition such as ownership and maintenance." *State Farm Mut. Auto. Ins. Co. v. Pan Am. Ins. Co.,* 437 S.W.2d 542, 545 (Tex. 1969) (holding that refueling of truck was maintenance, not use). Use means "to put into action or service; to employ for or apply to a given purpose." *LeLeaux v. Hamshire–Fannett I.S.D.,* 835 S.W.2d 49, 51 (Tex.1992) (holding that injury did not arise from use of school bus and that bus was a mere situs for the injury).

The Texas Supreme Court has recently discussed the term "use" in the context of an automobile insurance policy: "[t]he use required is of the vehicle *qua* vehicle, rather than simply as an article of property.... [I]f a vehicle is only the locational setting for an injury, the injury does not arise out of any use of the vehicle." *Mid–Century Ins. Co. of Tex. v. Lindsey,* 997 S.W.2d 153, 156 (Tex.1999); *see Collier v. Employers Nat. Ins. Co.,* 861 S.W.2d 286, 288–90 (Tex.App.—Houston [14th Dist.] 1993, writ denied) (agreeing that "use" re-

fers to use of an automobile as an automobile, not every act that occurs in, on, or around the vehicle). Other cases have discussed similar definitions for "use." *See State Farm Mut. Auto. Ins. Co. v. Whitehead,* 988 S.W.2d 744, 745 (Tex.1999) (where State Farm urged that "use" refers to use of the vehicle as a vehicle); *McFarland,* 887 S.W.2d at 493 (discussing definition of "use" as "employment of a vehicle as a means of transportation, or some other purpose incident to transportation)."

In *Lindsey,* the supreme court set forth several factors that are helpful in our analysis to determine whether a vehicle has been in "use":

> For an injury to fall within the "use" coverage [or exclusion] ... "(1) the accident must have arisen out of the inherent nature of the automobile, as such, (2) the accident must have arisen within the natural territorial limits of an automobile, and the actual use must not have terminated, [and] (3) the automobile must not merely contribute to cause the condition which produces the injury, but itself must produce the injury."

997 S.W.2d at 157 (quoting 8 COUCH ON INSURANCE 3D § 119.37, at 119–56 (1997)). The court did not propose these factors as an absolute test, recognizing that the third factor is especially troublesome. Additionally, the court added a fourth factor to examine: whether a person is using a vehicle as a vehicle depends not only on his conduct, but on his intent. *Id.* at 156.

■ Using these four factors, we conclude that Lyons's injuries arose from the use of a vehicle. First, the accident arose from her entry onto the trailer, and entry is part of the inherent nature of a vehicle. *See id.* at 158 (child's entry into truck through its rear window directly caused gun to discharge and injure him). Second, Lyons's fall occurred within the natural territorial limits of the trailer: her foot

caught as she stood in it, looking for a seat, and she toppled over its side. Third, we believe that the trailer did not merely "contribute to cause the condition which produced the injury." Like the truck in *Lindsey,* if the trailer had been moving in this case, "there would be little question that the vehicle produced the injury." *Id.* at 159. That the trailer was still does not preclude a conclusion that it produced the injury. Fourth, Lyons's intent to use the trailer as a vehicle is also clear: she entered the trailer for transportation to and from the model homes. Because we find that under *Lindsey* Lyons's injuries arise from the use of an auto, her claims against Goswick fall with the auto exclusion in Goswick's policy with State Farm.

Because Lyons's injuries arose from the use of an auto, we hold that the trial court correctly granted State Farm summary judgment based on the auto exclusion in its policy with Goswick. Further, because the State Farm policy excluded coverage, the trial court did not err in denying Lyons's motion for summary judgment.

## NATIONAL CASUALTY

■ National Casualty won a general summary judgment, including the grounds that the policy provided no coverage for the trailer used in the hayride. The trailer used in the hayride was not owned by National Casualty's named insured, nor was the truck that pulled the trailer a specifically-described covered auto under the policy. Instead, both the trailer and truck had been rented by Goswick for the occasion. The disagreement between Lyons and National Casualty is whether the policy provides liability coverage for *any* trailer or whether coverage is limited only to trailers attached to the truck specifically described in the policy.

■ We interpret insurance policies according to the rules of contract interpre-

tation. *Kelley–Coppedge, Inc. v. Highlands Ins. Co.,* 980 S.W.2d 462, 464 (Tex. 1998). "As with any contract, absent a finding of ambiguity, a court must interpret the meaning and intent of an insurance policy from the four corners of the document without the aid of extrinsic evidence." *Sears, Roebuck & Co. v. Commercial Union Ins. Corp.,* 982 S.W.2d 151, 154 (Tex.App.—Houston [1st Dist.] 1998, no pet.). We must give effect to all the provisions of the policy and view the policy in its entirety, with each clause being used to help interpret the others. *Liberty Mut. Ins. Co. v. American Employers Ins. Co.,* 556 S.W.2d 242, 245 (Tex.1977); *Sears, Roebuck, & Co.,* 982 S.W.2d at 154; *Vandewater v. American General Fire and Cas. Co.,* 910 S.W.2d 614, 616 (Tex. App.—Austin 1995, writ denied). An interpretation that gives a reasonable meaning to all provisions is preferable to one that leaves a portion of the policy useless, inexplicable, or creates surplusage. *Liberty Mut. Ins. Co.,* 556 S.W.2d at 245. Absent policy language susceptible of two reasonable interpretations, the language is not ambiguous and the canon requiring liberal construction in favor of an insured is inapplicable. *Ranger Ins. Co. v. Bowie,* 574 S.W.2d 540, 542 (Tex.1978); *Vandewater,* 910 S.W.2d at 616. If unambiguous, we can construe the policy as a matter of law. *See Louisiana Natural Gas Pipeline, Inc. v. Bludworth Bond Shipyard, Inc.,* 875 S.W.2d 458, 461 (Tex.App.— Houston [1st Dist.] 1994, writ denied).

■ National Casualty's named insured was Daniel Nunez d/b/a Sugar Land Labor Service. Lyons claims that Goswick was an insured under the National Casualty policy because of a provision describing an insured as "anyone liable for the conduct of an insured . . . ." In the underlying lawsuit, Lyons and Goswick stipulated that Nunez was Goswick's agent. The policy

provided Nunez liability coverage only for those "covered autos" as described in section I, part A(7):

> SPECIFICALLY DESCRIBED AUTOS. Only those **autos** described in ITEM THREE of the Declarations for which a premium charge is shown (and for Liability Coverage any **trailers** you don't own while attached to any power unit described in ITEM THREE).[1]

For Nunez, the specifically described auto in Item Three of the Declaration for which he was covered was a "1977 Chevy Flat Bed Truck." Under the same section, part C, the policy added the following language:

> If liability coverage is provided by this Coverage Form, the following types of vehicles are also covered autos for Liability Coverage without specific description:
>
> 1. **Trailers** with a load capacity of 2,000 pounds or less designed primarily for travel on public roads.
>
> 2. **Trailers** designed for use with and being pulled by a private passenger **auto,** pickup, panel truck or van if not customarily used for business purposes with another type of **auto.**[2]

Lyons argument is that the latter subsection is read independently to provide liability coverage for a trailer, even if that trailer was not pulled by a covered auto. This interpretation would render meaningless the phrase under Section I, part A(7), which limits liability coverage to "trailers you don't own while attached to any power unit described in item three." Rendering another portion of the policy meaningless is not the preferable method of insurance policy interpretation. *See Liberty Mut. Ins. Co.,* 556 S.W.2d at 245.

National Casualty responds that the two subsections must be read together such that a trailer need not be specifically described for coverage so long as it is pulled by the covered auto. We agree with National Casualty. This interpretation of the policy gives a reasonable meaning to both provisions, *see id.,* and properly uses each clause to help interpret the other. *See Sears, Roebuck, & Co.,* 982 S.W.2d at 154. Thus, we find that the policy provisions are unambiguous; thus, we can interpret them as a matter of law.

Because the summary judgment evidence established that the truck pulling the rented trailer was not Nunez's 1977 Chevy flatbed truck (the covered auto under the policy), we find that the policy does not afford coverage for the trailer from which Lyons fell. Accordingly, the trial court correctly granted summary judgment to National Casualty on this basis.

### CONCLUSION

The trial court correctly granted summary judgment to State Farm and National Casualty and denied summary judgment to Lyons because neither policy provided coverage to Goswick for Lyon's injuries. Based on the foregoing, we also find that the trial court correctly denied Lyon's summary judgment. Having affirmed the judgments granted by the trial court, we do not need to reach Lyons's third point of error or the alternative grounds advanced by State Farm and National Casualty in support of their summary judgments.

---

1. Section I is entitled "Covered Autos," and part A is entitled "Description of Covered Auto Designation Symbols."

2. Section I, part C is entitled "Certain Trailers, Mobile Equipment and Temporary Substitute Autos."