**HOME DEPOT, U.S.A., INC., Plaintiff,**

v.

**FEDERAL INSURANCE COMPANY, Defendant.**

No.  4:02–CV–95.

United States District Court, E.D. Texas, Sherman Division.

Jan. 23, 2003.

Burdin Mediations, Burdin Mediations, Dallas, TX, for mediator.

Arthur Kittredge Smith, Smith DeFeo, Allen, TX, for plaintiff.

Ronald G MacFarlane, Jr., Sifford & Anderson, LLP, Dallas, TX, John Kelley Vaughan, Michael Nathaniel Barbera, Attorney at Law, Grand Prairie, TX, for defendant.

## MEMORANDUM OPINION
## AND ORDER

DAVIS, District Judge.

This case is before the court on cross-motions for summary judgment. The primary issue is whether Defendant Federal Insurance Company ("Federal") has breached its duty to defend Plaintiff Home Depot, U.S.A., Inc. ("Home Depot") in a lawsuit that has settled in the 366th Judicial Court of Collin County, Texas. For the reasons stated herein, Plaintiff's Motion for Summary Judgment is **GRANTED** and Defendant's Motion for Summary Judgment is **DENIED.**

## BACKGROUND

This action for declaratory judgment has its genesis in an accident which occurred on October 3, 2000, when Kathleen T. Rogers ("Ms. Rogers") was injured when a rug display cabinet containing decorative rugs, manufactured by Beaulieu, L.L.C. ("Beaulieu"), tipped over on her at a Home Depot store in Plano, Texas. Ms. Rogers was severely injured in the accident (the "Incident"). On March 22, 2001, William E. Rogers and Kathleen T. Rogers (collectively "the Rogers") filed suit against Home Depot and Beaulieu in the 366th Judicial District Court of Collin County, Texas, styled as *William E. Rogers and wife*

*Kathleen T. Rogers v. Home Depot U.S.A., Inc. and Beaulieu Group, L.L.C.,* Cause No. 366–570–01 (hereinafter "*Rogers* litigation"),[1] alleging that Home Depot and Beaulieu were negligent in that they:

1. Were aware that the top-heavy design and its location made an accident a virtual certainty;

2. Allowed a dangerous condition to exist on Home Depot's premises;

3. Failed to adequately secure the display in place by bolting it to the floor and/or wall;

4. Failed to warn customers that the display was likely to tip over; and

5. Collectively they either designed, manufactured, sold, distributed, assembled, installed or maintained in their premises as a part of their business an inherently dangerous product.

*See* Def.'s Mot. Summ. J., Ex. 5, at 4–5.

On July 26, 1999, Beaulieu and Home Depot entered into a Vendor Buying Agreement (the "VBA") whereby Beaulieu rugs would be sold by Home Depot at its retail stores. The VBA provided that Beaulieu would carry a general liability insurance policy that named Home Depot as an additional insured. At the time of the Incident, Beaulieu was covered under a general liability policy No. 3536–46–18ATL that was issued by Federal with effective dates of March 1, 2000 to March 1, 2001 (the "Policy"). The Policy contains a vendor's endorsement which provides:

Any Vendor is an insured, but only with respect to bodily injury or property damage arising out of the distribution or sale of your [Beaulieu's] products in the regular course of that vendor's business

---

1. Subsequently, the Rogers sued R.D. Niven & Associates, the manufacturer of the rug display, and Pro Marketing of Texas, Inc., the assembler and installer of the rug display unit.

and only if products/completed operations coverage is provided under this contract.

Pl.'s Mot. Summ. J., Ex. B, at 4. Further, the Policy contains a vendor exclusion section, which states, in pertinent part:

No vendor is an insured with respect to ... any failure to make such inspections, adjustments, tests, or servicing as the vendor has agreed to make or normally undertakes to make in the usual course of business, in connection with the distribution or sale of your [Beaulieu's] products.

*Id.* at 4–5. Furthermore, the Policy contains a Liability Insurance Endorsement that has a provision entitled "Who is Insured." The "Who is Insured" provision of the Endorsement provides, in pertinent part, as follows:

Under Who is Insured, the following provision is added:

\* \* \*

Any person designated below is an insured but only with respect to liability arising out of your [Beaulieu's] operations or premises owned or rented to you.

\* \* \*

Designated Person Or Organization

\* \* \*

AS REQUIRED BY WRITTEN CONTRACT

Pl.'s Mot. Summ. J., Ex. C.

In a letter dated June 19, 2001, Home Depot demanded that Federal defend it in the *Rogers* litigation. Federal never responded to this demand and on March 26, 2002, Home Depot filed suit in this court seeking a judgment declaring that it is entitled to defense and indemnification from Federal. On August 26, 2002, the

Rogers entered into a confidential settlement agreement whereby Home Depot and Beaulieu agreed to tender a sum of money to the Rogers for a complete release and voluntary dismissal of their claims with prejudice. On August 23, 2002, Federal executed a written agreement that it would not contend in this case that the amount paid by Home Dept to the Rogers (1) was excessive, unreasonable, unwarranted, improvident, voluntary or unnecessary, or (2) did not constitute damages that Home Depot would be entitled to recover from Federal in the event that Home Depot established Federal's liability under the Policy. Therefore, the main issue to be decided by this Court is whether Federal breached its obligation to defend and provide coverage to Home Depot.

Home Depot contends that Federal had a duty to defend Home Depot in the *Rogers* litigation and that because Federal failed to defend it is entitled to indemnification for the amount paid to settle the *Rogers* litigation and attorney's fees accumulated in the *Rogers* litigation and the instant action. Federal contends that Home Depot is not covered by the Policy and that because no coverage exists it did not have a duty to defend or indemnify Home Depot in the *Rogers* litigation.

## SUMMARY JUDGMENT STANDARD

██ Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Ragas v. Tennessee Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir.1998). An issue of material fact is genuine if the evidence could lead a

reasonable jury to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Cases involving the interpretation of an insurance policy are particularly appropriate for summary judgment disposition. *See Principal Health Care of Louisiana v. Lewer Agency, Inc.*, 38 F.3d 240, 242 (5th Cir.1994).

▮ The disposition of the pending motions rests on an interpretation of various provisions of the Federal Policy. Under Texas law, the insured has the burden to prove that coverage exists. *Wallis v. United Servs. Automobile Ass'n*, 2 S.W.3d 300, 303 (Tex.App.-San Antonio 1999, pet. denied). The insurer is required to establish that one or more policy exclusions applied. *Harken Exploration Co. v. Sphere Drake Ins.*, 261 F.3d 466, 471 (5th Cir.2001). Once the insurer proves that an exclusion applies, the burden shifts back to the insured to show that an exception to the exclusion brings the claim against it potentially within the scope of coverage under the insurance policy. *Id.* The parties may satisfy their respective burdens by presenting evidence in the record that creates a genuine issue of material fact for trial. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.1992), *cert. denied*, 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992). In determining whether a genuine issue for trial exists, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505; *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). However, mere conclusory allegations, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Eason v. Thaler*, 73 F.3d 1322, 1325

(5th Cir.1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.1994).

## DUTY TO DEFEND

▮ Under Texas insurance law, an insurer is required to defend any lawsuit in which at least some of the allegations in the pleadings potentially state a claim covered by the policy. *Lafarge Corp. v. Hartford Cas. Ins. Co.*, 61 F.3d 389, 393 (5th Cir.1995). "An insurer's duty to defend is determined by the allegations in the pleadings and the language of the insurance policy." *National Union Fire Ins. Co. of Pittsburgh, PA v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997). The duty to defend is determined by analyzing the latest pleading upon which the insurer based its refusal to defend the action. *Canutillo Indep. Sch. Dist. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 99 F.3d 695, 701 (5th Cir.1996).

▮ Under the "eight corners" rule, also known as the "complaint allegation" rule, the allegations in the pleadings are liberally interpreted and their truth presumed. *Lyons v. State Farm Lloyds and Nat. Cas. Co.*, 41 S.W.3d 201, 204 (Tex. App.-Houston [14th Dist.] 2001, writ denied). In *Merchants Fast Motor Lines, Inc.*, the Texas Supreme Court stated:

> Where the complaint does not state facts sufficient to clearly bring the case within or without the coverage, the general rule is that the insurer is obligated to defend if there is, potentially, a case under the complaint within the coverage of the policy. Stated differently, in case of doubt as to whether or not the allegations of a complaint against the insured state a cause of action within the coverage of a liability policy sufficient to compel the insurer to defend the action, such doubt will be resolved in insured's favor.

*Merchants Fast Motor Lines, Inc.*, 939 S.W.2d at 141 (quoting *Heyden Newport*

*Chem. Corp. v. Southern Gen. Ins. Co.*, 387 S.W.2d 22, 26 (Tex.1965).) Coverage is determined by the factual allegations that show the origin of the damages rather than the legal theories alleged. *Id.* A court is required to accept the insured's construction of an exclusionary clause so long as that construction is reasonable. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Hudson Energy Co.*, 811 S.W.2d 552, 555 (Tex.1991).

Home Depot contends (1) it is afforded coverage under the vendor's endorsement of the Policy and (2) it is afforded coverage under the Policy pursuant to the express language of the designated person or organization endorsement. Federal admits that Home Depot is a vendor under the Policy; however, it claims (1) that one of the exclusions applies and (2) the terms of the vendor endorsement establish that Ms. Rogers was not injured by Beaulieu's product.

## VENDOR ENDORSEMENT

The vendor endorsement of the Policy provides:

> Any Vendor is an insured, but only with respect to bodily injury or property damage arising out of the distribution or sale of your products in the regular course of that vendor's business and only if products/completed operations coverage is provided under this contract.

Pl.'s Mot. Summ. J., Ex. B, at 4. Therefore, in order to be covered under the vendor endorsement, Home Depot must prove that: (1) it was Beaulieu's vendor with respect to the sale of the rugs; (2) the bodily injuries suffered by Ms. Rogers arose out of Home Depot's distribution or sale of Beaulieu's rugs during the regular course of Home Depot's business; and (3) the products/completed operations coverage is contained within the Policy.

First, from the face of the VBA, it is clear that Home Depot is a vendor with respect to the sale of Beaulieu's rugs. Federal does not contest this issue. Second, Ms. Rogers suffered bodily injuries when the rug display cabinet fell on her. Federal does not contest this issue. Third, the products/completed operations coverage is contained within the Policy. *See* Pl.'s Mot. Summ. J., Ex. B, at 1. Federal does not contest this issue. Therefore, the court must determine whether Ms. Rogers's injuries arose out of Home Depot's distribution or sale of Beaulieu's products. Federal argues that the bodily injury forming the basis of the *Rogers* litigation was not caused by a product of the insured. The court disagrees and finds that Ms. Rogers's injuries arose out of the distribution and sale of Beaulieu's products.

The Policy fails to define the terms "distribution" and "sale." "Distribution" is defined as, among others, "the marketing or merchandising of commodities." MERRIAN-WEBSTER'S COLLEGIATE DICTIONARY 338 (10th ed.1993). "Sale" is defined as, among others, "opportunity of selling or being sold" and "operations and activities involved in promoting and selling goods or services." MERRIAN-WEBSTER'S COLLEGIATE DICTIONARY 1028–29 (10th ed.1993). Further, the Policy defines a "product" as "[a]ny goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by you [Beaulieu]." Pl.'s Mot. Summ. J., Ex. B, at 24.

 ▆▆ The facts reveal that the rug display cabinet was placed in the Home Depot store to entice customers to purchase Beaulieu's rugs. Federal seems to argue that rugs contained in the cabinet were samples that were not for sale, but were placed in the cabinet for promotional purposes. This is irrelevant. Federal admits that the Beaulieu rugs contained in the rug display cabinet were for promotional pur-

poses. *See* Def.'s Resp. Mot. Summ. J., at 15. Thus, by Federal's own admission, the sample rugs were placed in the rug display cabinet as part of the operations and activities involved in promoting and selling goods and services. Further, Ms. Rogers was injured when the cabinet tipped over onto her while she was viewing the rugs contained therein. *See* Def.'s Resp. Mot. Summ. J., Ex. 5, at 2. Resolving all doubts in favor of the insured, the court finds that Ms. Rogers's bodily injuries arose out of Home Depot's distribution and sale of Beaulieu's products. *See King v. Dallas Fire Ins. Co.,* 85 S.W.3d 185, 187 (Tex. 2002) (holding that the court should resolve all doubts regarding the duty to defend in favor of the insured).

■ Federal also contends that the rug display rack is excluded from the definition of a Beaulieu "product" because it was a "vending machine[s] or other property rented to or located for the use of others but not sold." Obviously, the rug display cabinet is not a vending machine. Further, the rug display cabinet was not "located for the use of others." Federal admits that "Beaulieu acquired the display rack from the manufacturer R.D. Niven & Associates, Ltd., d/b/a The Niven Marketing Group, Ltd. ['Niven'], in order to utilize the rack to display rugs at Home Depot." Def.'s Resp. Mot. Summ. J., at 16. The purpose of the rug display cabinet was to promote Beaulieu's products. Thus, Ms. Rogers's bodily injuries arose out of the distribution or sale of Beaulieu's rugs in the regular course of Home Depot's business. Accordingly, the court finds that that Home Depot is covered under the vendor endorsement.

## VENDOR EXCLUSION

■ Federal also argues that Home Depot is excluded from coverage under a vendor exclusion provision, which states, in pertinent part:

> No vendor is an insured with respect to . . . any failure to make such inspections, adjustments, tests, or servicing as the vendor has agreed to make or normally undertakes to make in the usual course of business, in connection with the distribution or sale of your [Beaulieu's] products.

Pl.'s Mot. Summ. J., Ex. B, at 4–5. Federal argues that this exclusion applies because the Rogers's Complaint alleged negligence on the part of Home Depot for failing to bolt the rug display unit. The Court disagrees. Federal has provided no evidence that Home Depot ever "agreed to make or normally undertakes to make in the usual course of business" inspections, adjustment, tests, or servicing to rug display cabinets. Federal has the burden of proving that an exclusion applies and it has failed to meet this burden. *Harken Exploration Co.,* 261 F.3d at 471. Accordingly, the court finds that this exclusion is inapplicable in this case.

## DESIGNATED PERSON OR ORGANIZATION ENDORSEMENT

■ The Policy provides coverage for persons or organizations other than the named insured:

> In addition to the Named Insured, other persons or organizations qualify as insured. Those persons or organizations and the conditions under which they qualify are identified in the Who is Insured section of this contract.

Pl.'s Mot. Summ. J., Ex. B, at 3. Home Depot is not a named insured and, therefore, its coverage under the Policy must be determined by looking at the "Who is Insured" section of the Policy. The "Who is Insured" section of the Policy was modified by an Endorsement, which states, in pertinent part:

Any person designated below is an insured but only with respect to liability arising out of your [Beaulieu's] operations or premises owned or rented to you.

\* \* \*

Designated Person Or Organization

\* \* \*

AS REQUIRED BY WRITTEN CONTRACT

Pl.'s Mot. Summ. J., Ex. C.

Federal admits that Home Depot was a designated insured under the AS REQUIRED BY `WRITTEN CONTRACT language because the VBA required coverage. Further, as stated above, liability arose out of Beaulieu's operations, the sale and distribution of Beaulieu's rugs. Nevertheless, Federal argues that the only coverage Home Depot is entitled to by virtue of this designation is the coverage afforded under the Policy to "Vendors" because Home Depot is a vendor. Nothing in the Policy indicates that the vendor provisions and exclusions apply to an AS REQUIRED BY WRITTEN CONTRACT insured. In other words, resolving all doubts in favor of the insured, a vendor insured and an AS REQUIRED BY WRITTEN CONTRACT insured appear to be separate and distinct categories. *See King,* 85 S.W.3d at 187. Even assuming Home Depot was only entitled to coverage under the vendor endorsement, the court has previously concluded that the vendor exclusions do not apply.

### DUTY TO INDEMNIFY

Under Texas law, "the duty to indemnify is triggered by the actual facts that establish liability in the underlying lawsuit." *Guaranty Nat'l Ins. Co. v. Azrock Indus. Inc.,* 211 F.3d 239, 243 (5th Cir.2000) (citing *Trinity Universal Ins.*

*Co. v. Cowan,* 945 S.W.2d 819, 821–22 (Tex. 1997)). Further, "the duty to indemnify only arises after an insured has been adjudicated, whether by judgment or settlement, to be legally responsible for damages in a lawsuit." *Reser v. State Farm Fire & Cas. Co.,* 981 S.W.2d 260, 263 (Tex. App.-San Antonio 1998, no pet.).

On August 26, 2002, the *Rogers* litigation was settled. Further, Federal agreed that it would not contend in this case that the amount paid by Home Dept to the Rogers (1) was excessive, unreasonable, unwarranted, improvident, voluntary or unnecessary, or (2) did not constitute damages that Home Depot would be entitled to recover from Federal in the event that Home Depot established Federal's liability under the Policy. Accordingly, the court finds that Federal has a duty to indemnify Home Depot for amounts paid to settle the *Rogers* litigation.

### CONCLUSION

There are no genuine issues of material fact and Home Depot is entitled to judgment as a matter of law. Accordingly, Home Depot's Motion for Summary Judgment is **GRANTED** and Federal's Motion for Summary Judgment is **DENIED.** Counsel for Home Depot shall file a brief in support of their request for attorney's fees together with supporting time and expense records, with any confidential information redacted, within ten (10) days from the date hereof. Federal shall then have ten (10) days from the date of Home Depot's brief to file a responsive brief. The court will enter a final judgment in favor of Home Depot on its claim for declaratory relief and against Federal as to all claims and causes of action.

**IT IS SO ORDERED.**