Opinion issued February 27, 2003








     





In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-00357-CV
 

 
 
REGINALD V. HALL, Appellant
 
V.
 
GENERAL STAR INDEMNITY COMPANY, Appellee
 

 
 
On Appeal from the 189th District Court District Court
Harris County, Texas
Trial Court Cause No. 2000-52046
 

 
 
MEMORANDUM OPINION
          This is an insurance coverage case, decided on cross-motions for summary
judgment, in which the trial court construed a commercial general liability policy in
favor of appellee, General Star Indemnity Company, and against appellant, Reginald
V. Hall. The issue presented is whether Hall was an additional insured under a policy
that General Star issued to Phonoscope, Inc., a company for which Hall was working
as an independent contractor at the time he was injured. We affirm.
BACKGROUND
A. The Underlying Lawsuit
          On December 31, 1995, Hall was injured on the job when a television cable he
was hanging made contact with a power line. At the time of the accident, Hall was
working for Frank Johnson, who, in turn, was a subcontractor of Phonoscope, Inc. As
a result of the accident, Hall sued Johnson and Phonoscope. 
          General Star had issued a commercial general liability policy to Phonoscope and
defended Phonoscope in the lawsuit. The jury found Phonoscope 15% at fault,
Johnson 65% at fault, and Hall 20% at fault. General Star paid Phonoscope’s portion
of the judgment. Johnson, who was uninsured at the time, did not pay his portion of
the judgment. Johnson has never claimed to be an insured under Phonoscope’s policy,
nor has he requested a defense or indemnity from General Star. Similarly, Phonoscope
has never claimed that Johnson is covered under the policy issued by General Star.
B. The Coverage Dispute
          After obtaining the judgment against Phonoscope and Johnson, Hall filed a suit
against General Star seeking a declaration that the policy General Star had issued to
Phonoscope also covered the uninsured subcontractor, Frank Johnson and his
employees, such as Hall.


 General Star counterclaimed, seeking a declaration that its
policy with Phonoscope did not provide coverage for Frank Johnson. Both parties
moved for summary judgment. The trial court granted General Star’s motion for
summary judgment and denied Hall’s motion. This appeal followed.
Standard of Review
A.      Summary Judgment
          We follow the usual standard of review for traditional summary judgments
granted under rule 166a(a) and (b) of the Rules of Civil Procedure: The party with the
burden of proof must prove it is entitled to judgment by establishing each element of
its claim or defense as a matter of law, or by negating an element of claim or defense
of the opposing party as a matter of law. Tex. R. Civ. P. 166a(a), (b), (cmt.). When
a motion for summary judgment raises multiple grounds, we may affirm if any ground
is meritorious. Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d 623, 625 (Tex. 1996). 
These standards are well-established in insurance-coverage cases. See e.g., State
Farm Fire & Cas. Co. v. Vaughn, 968 S.W.2d 931, 933 (Tex. 1998); Hanson v.
Republic Ins. Co., 5 S.W.3d 324, 327 (Tex. App.—Houston [1st Dist.] 1999, pet.
denied). 
          When, as here, both parties move for summary judgment and the trial court
grants one motion and denies the other, we may determine all questions presented,
including the propriety of overruling the losing party’s motion, provided each party
has fully met its burden and sought final judgment relief. CU Lloyd’s v. Feldman, 977
S.W.2d 568, 569 (Tex. 1998); Hanson, 5 S.W.3d at 327. 
B.      Interpretation of Insurance Contracts
          Insurance contracts are subject to the same rules of construction as ordinary
contracts. Trinity Universal Ins. Co. v. Cowan, 945 S.W.2d 819, 823 (Tex. 1997);
Hanson, 5 S.W.3d at 328. Accordingly, when a policy permits only one interpretation,
we construe it as a matter of law and enforce it as written. Upshaw v. Trinity Cos., 842
S.W.2d 631, 633 (Tex. 1992); Hanson, 5 S.W.3d at 328. We must strive to effectuate
the policy as the written expression of the parties’ intent. State Farm Life Ins. Co. v.
Beaston, 907 S.W.2d 430, 433 (Tex. 1995). To this end, we construe the terms of the
policy as a whole, and consider all of its terms, not in isolation, but within the context
of the policy. See id.; Forbau v. Aetna Life Ins. Co., 876 S.W.2d 132, 133-34 (Tex.
1994); Tumlinson v. St. Paul Ins. Co., 786 S.W.2d 406, 408 (Tex. App.—Houston [1st
Dist.] 1990, writ denied).
 
CONSTRUCTION OF THE POLICY
          The issue this Court must decide is whether the policy issued to Phonoscope
covers uninsured, independent contractors, such as Frank Johnson. The policy
describes an “insured” in the following manner:
          1. If you are designated in the Declarations as:
* * * * 
                    c.An organization other than a partnership or joint
venture, you are an insured. Your executive officers
and directors are insureds, but only with respect to
their duties as your officers or directors. Your
stockholders are also insureds, but only with respect
to their liability as stockholders.
 
          2. Each of the following is also an insured:
 
                    a.Your employees, other than your executive officers, but only
for acts within the scope of their employment by you. . . .
(Emphasis added).
 
          The policy also contains a number of endorsements entitled “Additional
Insured–Owners, Lessees or Contractors” that name specific persons or entities as
additional insureds under the policy. Each of these endorsements contains the
language, “WHO IS AN INSURED (Section II) is amended to include as an insured
the person or organization shown in the Schedule, but only with respect to liability
arising out of your ongoing operations performed for that insured.”
          It is undisputed that Frank Johnson is not listed as an additional insured
anywhere in the policy. Instead, Hall argues that he is covered as an employee of
Phonoscope because of the following provision, entitled “INDEPENDENT
CONTRACTORS AND SUB-CONTRACTORS COVERAGE REQUIREMENT
ENDORSEMENT AMENDED CONDITION,” which provides:
With respect to operations performed on your behalf by independent
contractors or subcontractors, the following applies:
 
(1)You agree that you require that those who under take a job for you
or on your behalf will obtain and maintain insurance, for the
duration of the job, for legal liability arising out of their
operations. Insurance carried by independent contractors or sub-contractors will provide coverage equal to or greater than the
coverage provided by this policy, and will also provide limits at
least equal to those scheduled below.
 
(2)It is further agreed that subject to the above, such insurance as is
provided by this policy shall be excess over such insurance as
described in the schedule below. The terms and conditions of the
policy relating to “other insurance” (Section IV, Item 4 of
CG0001) are amended accordingly.
 
(3)Failure to comply with these conditions does not alter the
coverage provided by this policy. However, should you fail to
comply, independent contractors or subcontractors will be
considered your employees and a premium charged accordingly. 
For the purposes of this endorsement the entire cost of all sublet
work will be use as payroll (premium base) for the work
performed. (Emphasis added).
 
          Hall argues that because Johnson was not insured, under the language above, 
he was nonetheless an employee of Phonoscope and covered under the section of the
policy covering employees acting within the scope of their employment. General Star,
however, contends that the language on which Hall relied was merely a condition
requiring Phonoscope to make sure that their independent contractors carried their
own insurance, and that if they did not, an additional premium would be charged to
Phonoscope.
          We cannot agree with Hall’s interpretation of the language referenced above,
because it does not give effect to the entire language of the endorsement, nor does it
consider the policy as a whole. See Balandran v. Safeco Ins. Co., 972 S.W.2d 738,
741 (Tex. 1998) (court must look at all parts of policy so as to give meaning to every
sentence, clause, and word); see also Sears, Roebuck and Co. v. Comm’l Union Ins.
Corp., 982 S.W.2d 151, 154 (Tex. App.—Houston [1st Dist.] 1998, no writ)
(interpretation based on isolated fragments of policy is improper).
          The very first sentence of paragraph 3 of the referenced endorsement provides
unequivocally, “Failure to comply with these conditions does not alter the coverage
provided by this policy.” In contrast, every other endorsement that creates additional
insured coverage explicitly provides, “WHO IS AN INSURED (Section II) is amended
to include as an insured the person or organization shown in the Schedule . . .” 
Therefore, we must conclude that had General Star and Phonoscope intended to give
additional insured status to Frank Johnson, they would have so stated, as was done
with every other additional insured.
          Nevertheless, Hall argues that paragraph (3) of the endorsement must have
intended to extend coverage to uninsured, independent contractors because, otherwise,
there would be no need for an increased premium. As pointed out in appellee’s brief,
insurance policies are underwritten with the goal of collecting the appropriate amount
of premium in light of the financial risk undertaken. The issue, then, is what financial
risk would the additional premium cover? There are several possibilities.
          First, the premium would compensate General Star for the risk it would assume
if one of the named additional insureds on the policy did not have the required
insurance coverage and General Star was required to provide primary, as opposed to
excess insurance coverage. General Star had contractually agreed that its coverage
would be excess to that of the named additional insureds; but, if the additional insured
did not have the required coverage, General Star would have faced increased liability
by having to provide primary coverage. The collection of the additional premium,
then, would assure that General Star collected a sufficient premium in light of the
increased risk it faced if the named additional insureds did not carry the required
insurance.
          Second, the additional premium would compensate General Star in the event
that Phonoscope was found jointly and severally liable with an uninsured
subcontractor, and Phonoscope was more than 50% at fault. In such a situation,
Phonoscope, i.e. General Star, could be compelled to pay 100% of the judgment, with
a right of contribution against an uninsured subcontractor. See Tex. Civ. Prac. &
Rem. Code Ann. §§ 33.013(b), 33.015 (Vernon 1997). The additional premium
charged, thus, would compensate General Star in the event that it was required to pay
the entire judgment on behalf of its insured, even though its insured was only
responsible for a portion of the fault, simply because there was no other insurer
available to pay the uninsured subcontractor’s portion of the judgment. Put simply,
General Star’s contribution right would likely be more valuable if there was another
insurer standing behind the sub-contractor, and the increased premium was deemed
necessary in situations where there was no second insurer.
          Finally, the additional premium would compensate General Star for the cost of
litigation, even if meritless, that it would face in the event that the subcontractor did
not carry insurance, and General Star became embroiled in litigation because it was
the only possible policy against which an injured subcontractor could make a claim. 
In fact, that is the exact situation faced in this case. The increased premium, in this
case, compensates General Star for the cost of this litigation, which likely could have
been avoided if Phonoscope had required Johnson to carry insurance.
          Therefore, we cannot agree with Hall that the increased premium provided in
the endorsement was, as a matter of law, charged in exchange for adding coverage for
uninsured subcontractors. In fact, we believe that the unambiguous language of the
contract compels the opposite conclusion that the endorsement did “not alter the
coverage provided by the policy,”


 but instead, compensated General Star for
contingencies not present at the time the initial premium was calculated. Because 
Johnson is not a named insured or an additional insured under the express terms of the
policy, and the endorsement at issue does not alter the coverage provided by the
policy, the policy, as a matter of law, provides no coverage to Johnson or his
employee, Hall. Accordingly, the trial court properly granted General Star’s motion
for summary judgment and denied Hall’s motion for summary judgment.
          We affirm the judgment.
 
 
                                                             Frank C. Price



                                                             Justice
 
Panel consists of Justices Nuchia, Hanks, and Price.